# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Sirea Boone, : 
              Petitioner : 
                     : 
                     : 
        v. : No. 134 C.D. 2025
                     : SUBMITTED: May 12, 2026
                     : 
Pennsylvania Parole Board, : 
              Respondent : 

BEFORE:   HONORABLE LORI A. DUMAS, Judge
                HONORABLE STACY WALLACE, Judge
                HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge

## OPINION NOT REPORTED

**MEMORANDUM OPINION BY**
**SENIOR JUDGE LEADBETTER**                   **FILED: July 31, 2026**

Sirea Boone petitions for review of a decision of the Pennsylvania Parole Board recorded December 9, 2024 (Modification Decision), modifying the Board's prior decision. Also before us is the Board's application for summary relief and motion to quash (Application). For the reasons that follow, we are constrained to grant the Board's Application.

Pertinent here, in March 2017, Boone was sentenced to four to eight years of incarceration after pleading guilty to robbery and criminal conspiracy. Certified Record (C.R.) at 1. By decision recorded July 13, 2020, the Board granted Boone parole, and he was released to an approved plan on September 1, 2020. C.R. at 4-6. At that time, Boone's parole violation maximum date was August 27, 2024, and he owed 1,456 days on his original sentence. *Id.*

On October 4, 2021, Boone was arrested by the Philadelphia Police Department. C.R. at 16. Boone's special conditions of parole were amended to include that he enter the GEO Chester Community Corrections Center, and he was successfully discharged from that program in October 2022. C.R. at 12-14. Boone was then arrested by Delaware state authorities in January 2023. C.R. at 16, 22.

By decision with mailing date December 2, 2024 (Recommitment Decision), the Board recommitted Boone as a convicted parole violator (CPV) to serve a recommitment period of 30 months based on his conviction for wearing a disguise during the commission of a felony and robbery. C.R. at 17. The Board did not award Boone credit for time spent at liberty on parole for the stated reason that he was convicted of a new crime that was the same or similar to his original offense. C.R. at 18. Boone's parole violation maximum date was recalculated as October 12, 2028.[1] C.R. at 17-19. The Recommitment Decision included the Board's standard appeal language, explaining that a request for administrative relief must be filed within 30 days of the decision's mailing date, or by January 2, 2025. C.R. at 18.

Subsequently, in its Modification Decision, the Board modified its Recommitment Decision to add the following language: "DETAIN PENDING DISPOSITION OF CRIMINAL CHARGES . . . . THE REST OF THE BOARD ACTION REMAINS THE SAME." C.R. at 22 (capitalization in original). The Modification Decision also referenced Boone's January 2023 arrest by Delaware authorities. *Id.*

On January 8, 2025, counsel submitted via email an administrative remedies form on Boone's behalf, listing the following issues for review: (1) the "Board failed to give [Boone] credit for all time served exclusively pursuant to the

---

[1] This date was calculated based on Boone's effective date of return of October 17, 2024, and the fact that he owed 1,456 days on his original sentence. C.R. at 19-21.

2

[B]oard's warrant or while incarcerated"; (2) the "Board abused its discretion by not awarding any credit for time in good standing while on parole"; and (3) the "Board violated [Boone's] due process rights by not holding a detention hearing as required by [Section 6138 of the Prisons and Parole Code, 61 Pa.C.S.] § 6138." C.R. at 23. While these arguments pertain to the Board's Recommitment Decision, the administrative remedies form specified that Boone sought to challenge the Board's decision "[r]ecorded December 9, 2024," i.e., the Modification Decision. *Id.*

On January 14, 2025, the Board dismissed as unauthorized Boone's request for administrative relief from its Modification Decision, explaining that its decision to detain Boone pending disposition of criminal charges "is not subject to review pursuant to the Board's regulation authorizing administrative relief." C.R. at 24 (citing 37 Pa. Code § 73.1). To the extent Boone sought to appeal the Board's Recommitment Decision, the Board also dismissed his request for relief as untimely. C.R. at 24-25. Boone then petitioned this Court for review. In response, the Board filed its Application and the Court ordered that the Application be decided with the merits of Boone's petition for review.

Before reaching the merits, we must first consider the Board's Application because it raises the jurisdictional issues of appealability and timeliness. The Board maintains that its regulations limit appealable decisions to revocations. Bd.'s Br. at 7 [citing 37 Pa. Code § 73.1(a)(1)]. Because its Modification Decision did not revoke Boone's parole but merely added language detaining him pending criminal charges, it is not an appealable decision. Further, Boone's administrative appeal cannot be construed as challenging the Board's Recommitment Decision because it was not submitted within 30 days of the mailing date of that decision and therefore is untimely.

3

Not all decisions of administrative agencies are appealable. Rather, an individual is only entitled to appellate "review from an adverse decision by a Commonwealth agency where such a decision constitutes an adjudication." *Rogers v. Pa. Bd. of Prob. & Parole*, 724 A.2d 319, 322 (Pa. 1999) (citing Section 702 of the Administrative Agency Law, 2 Pa.C.S. § 702). Notably, the General Assembly has granted the Board broad discretion in parole matters,[2] and the Administrative Agency Law's "definition of adjudication clearly and unambiguously provides that parole decisions are not ones which are subject to appellate review by the courts." *Rogers*, 724 A.2d at 322; *see also* 2 Pa.C.S. § 101. In the parole context, generally, only Board decisions revoking parole are subject to appeal. *See* 37 Pa. Code § 73.1(a)(1); *Rogers*, 724 A.2d at 322-23 [citing *Bronson v. Bd. of Prob. & Parole*, 421 A.2d 1021 (Pa. 1980), *cert denied*, 450 U.S. 1050 (1981)]. Because the Board's Modification Decision did not revoke Boone's parole but merely added language to its prior decision explaining that Boone should remain detained pending disposition of outstanding criminal charges, it is not an adjudication subject to this Court's appellate review. *See Lee v. Pa. Bd. of Prob. & Parole*, 251 A.3d 842, 847 (Pa. Cmwlth. 2021) (holding that Court lacked jurisdiction over parolee's appeal from the Board's decision noting his criminal conviction and determining to take no action as to that conviction because the decision was not an adjudication); *Wheeler v. Pa. Bd. of Prob. & Parole*, 862 A.2d 127, 130-31 (Pa. Cmwlth. 2004) (determining that Board's communication denying parolee's request to revoke a special parole condition was not an adjudication for purposes of appellate review); *Rogers*, 724 A.2d at 323 (concluding parolees "failed to demonstrate that they have a right to

---

[2] *See, e.g.*, *Robinson v. Pa. Parole Bd.*, 306 A.3d 969, 973 (Pa. Cmwlth. 2023).

appellate review from a [] Board decision denying parole under either the Administrative Agency Law or the Federal Constitution").

Along these same lines, the Board's Recommitment Decision *would be* appealable because it revoked Boone's parole, recommitted him as a CPV, and recalculated his parole violation maximum date. Moreover, the issues Boone raises before this Court clearly are meant to challenge the Recommitment Decision, not the Modification Decision. However, a parolee's appeal must be received within 30 days of the mailing date of the Board's revocation decision. 61 Pa.C.S. § 6113(d)(1); 37 Pa. Code § 73.1. Boone's counsel submitted the appeal form electronically on January 8, 2025, more than 30 days after the Board's Recommitment Decision was mailed on December 2, 2024, making it untimely. We have repeatedly held that if a parolee fails to meet this deadline, "the Board has no jurisdiction to entertain the appeal and should dismiss it as untimely." *McCullough v. Pa. Bd. of Prob. & Parole*, 256 A.3d 466, 471 (Pa. Cmwlth. 2021) [quoting *McCaskill v. Pa. Bd. of Prob. & Parole*, 631 A.2d 1092, 1095 (Pa. Cmwlth. 1993)]. Thus, to the extent Boone's appeal could be interpreted as taken from the Recommitment Decision, the Board properly dismissed his appeal as untimely.

Boone did not specifically request *nunc pro tunc* relief from the Board or assert grounds to support such extraordinary relief. *See Smith v. Pa. Bd. of Prob. & Parole*, 81 A.3d 1091, 1094 (Pa. Cmwlth. 2013) (the time period for appealing a revocation decision "is jurisdictional and cannot be extended absent a showing of fraud or a breakdown of the administrative process," i.e., grounds for *nunc pro tunc* relief). Instead, Boone now asserts, for the first time on appeal, that the Board failed to prove he was timely served with the Recommitment Decision because he was not housed at the State Correctional Institution where it was sent. Because Boone failed

5

to raise this issue before the Board it has been waived. *See, e.g.*, *McKenzie v. Pa. Bd. of Prob. & Parole*, 963 A.2d 616, 621 (Pa. Cmwlth. 2009) ("It is well-settled that failure to raise an issue before the Board results in waiver and precludes this Court from review.").

In sum, Boone's appeal is only timely with respect to the Board's Modification Decision, which is not an adjudication subject to appellate review. Further, Boone cannot bootstrap his untimely appeal of the Board's Recommitment Decision to a decision for which he is not entitled to appellate relief. Accordingly, we are constrained to grant the Board's Application and quash the appeal.

 

 

**BONNIE BRIGANCE LEADBETTER,**
President Judge Emerita

6

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Sirea Boone,                 :
               Petitioner     :
                        :
       v.                  :   No. 134 C.D. 2025
                        :
Pennsylvania Parole Board,    :
              Respondent   :

## O R D E R

AND NOW, this 31st day of July, 2026, the Pennsylvania Parole Board's Application for Summary Relief and Motion to Quash is GRANTED, and the Petition for Review filed by Sirea Boone is QUASHED.

 

_____

**BONNIE BRIGANCE LEADBETTER,**
President Judge Emerita